By the Court.

In this case it is admitted, that J. B. Sennet, about whose inheritance the present contest arises, did bequeath to his natural *417 children all his property, although he, had three i • • , , , . .. . legitimate brothers and a niece living at the time of his death. , '
By the laws of our state- a person, wjho leaves no legitimate descendants or, ascendants, has indeed á right to bequeath the whole of his property and, the deceased J. B. Sennet could exercise that right. But by the same laws it is provided (’Civil Code, 210, book s, tit. 2,, chap. 2,art. 14+) that “when the natural father has not lest 'legiti- “ mate children or descendants, the natural child “ or children, acknowledged by him, may receive “ from him bydonation. inter vivos or mortis *■ cdvsd, to the amount of the following proportions “to wit : of the third part of his property* “ if he leaves no legitimate ascendants ; of the “ half, if he leaves legitimate brothers and sisters ; “ and of three fourths, if he leaves collaterals below “ brothers and sisters ; &c.” (
"It has been argued that these' provisions would be contradictory, if the latter should be considered as prohibiting the testator from leaving to' his natural children more than .the part which the law says tfey may receive. But, it appears to the Court that the article fixing the portions, which natural children mayreceive from'their father, in certain cases, does clearly and unequivocally establish that they shall receive nothing beyond that amount; and that this provision is not at variance with the general disposition which permits testa *418 tors, who leave neither descendants nor ascendants. ’ . to bequeath ail their property, but is only.a modification of that general rule, in consequence of which, Sennet had a right to leave one half of estate to his natural children, and the other half to whomsoever he should have pleased. Having not done so, but bequeathed the whole to his natural children, the legacy must be reduced to the amount limited by law ; and his legitimate heirs must inherit the rest.
It is, therefore, adjudged and decreed that the judgment of the District Court be reversed ; and that judgment be entered for the appellafit for one eighth part of the neat amount of the estate of the deceased I. B. Sennet,, to wit, six* hundred and sninety four dollars and twenty-five cents, with costs.